## CARMEL CENTRAL SCHOOL DISTRICT, Plaintiff–Counter–Defendant–Appellee,

v.

## V.P., a student, by her parents, Mr. & Mrs. G.P., Defendant–Counter–Claimaint–Appellant.

No. 05–4170.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Salamon Davis (as substitute counsel for Rosalee Charpentier), New York, NY, for Appellant.

Raymond G. Kunts, Kuntz, Spagnuolo, Scapoli & Schiro, P.C. (Jeffrey Schiro, of counsel), Bedford Village, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, Hon. TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

Insofar as the district court concluded that 20 U.S.C. § 1412(a)(10)(C)(ii) bars the parents from recovering a tuition reimbursement when a child has not previously received special education services from a public agency, the district court was in error. *See Frank G. v. Board of Education of Hyde Park,* 459 F.3d 356 (2d Cir.2006).

We nevertheless affirm the judgment of the district court on the basis of the alternative grounds upon which it relied, *viz.,* that the defendants are not equitably entitled to tuition reimbursement because the evidence in the record shows-and the defendants' Local Rule 56.1 counter-statement does not point to evidence in the record disputing-that the defendants failed to give the school district adequate notice of their child's disabilities or to cooperate sufficiently in developing an individualized education plan ("IEP"). *See M.C. ex rel.*

* Of the United States Court of International Trade, sitting by designation.

*Mrs. C. v. Voluntown Bd. of Educ.,* 226 F.3d 60, 68 (2d Cir.2000) (explaining that "courts have held uniformly that reimbursement is barred where parents unilaterally arrange for private educational services without ever notifying the school board of their dissatisfaction with their child's IEP"); *Frank G.,* 459 F.3d at 376 (citing *M.C.* and reaffirming that "[s]eparate and apart from subsection 1412(a)(10)(C)(ii), we have held that it is inequitable to permit reimbursement" when parents have not timely requested such services).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.